

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-25-2008

# J&J Mobile Home Park v. Bell

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1057

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"J&J Mobile Home Park v. Bell" (2008). *2008 Decisions*. Paper 1531.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1531

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1057
_____

J&J MOBILE HOME PARK INC.

v.

JAMES SONNY BELL,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 06-cv-00575)
District Judge:  Honorable Sue L. Robinson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2008

Before: AMBRO, FUENTES and FISHER, Circuit Judges

(Opinion filed:  February 25, 2008)
_____

OPINION
_____

PER CURIAM

    Appellant, James Bell, appeals from the District Court's order summarily

remanding his case to the state court.  For the reasons that follow, we will affirm.

    Bell filed a petition for removal with the United States District Court for the

District of Delaware, seeking removal of a civil action from the Delaware state court. After reviewing Bell's removal petition, the District Court determined that the petition failed to comply with the statutory requirements under 28 U.S.C. § 1446(a) because the required state court documents were not attached. The District Court provided Bell with an opportunity to submit the required documents and notified Bell that failure to do so would result in a remand to the state court. Thereafter, Bell filed an amended petition of removal. Upon review of Bell's amended petition, the District Court concluded that Bell had failed to allege a case for removal and that Bell's petition again failed to comply with § 1446(a)'s statutory requirements. As a result, the District Court summarily remanded the case to the state court.

Because Bell seeks removal pursuant to 28 U.S.C. § 1443, we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1447(d). See Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997).

The District Court concluded that remand of Bell's case was warranted, in part, because his petition failed to sufficiently allege a case for removal. We agree. Bell fails to assert any basis on which he will be denied equal protection in the Delaware state courts. See 28 U.S.C. § 1443. His petition simply asserts that he is entitled to removal of his case because he will not be treated equally in the State of Delaware and because he will not get a fair trial due to the color of his skin. (Petr.'s Notice of Removal 3). "A removal petition under Section 1443 must allege a specific right under a law in terms of

2

racial equality and a denial of that right in state court." <u>Pennsylvania ex rel. Gittman v. Gittman</u>, 451 F.2d 155, 156 (3d Cir. 1971). Bell's petition alleges neither. Taking all the allegations in the petition for removal as true, Bell has failed to demonstrate that he is entitled to removal pursuant to 28 U.S.C. § 1443. <u>See</u> <u>id.</u>

For the foregoing reasons, we will affirm the judgment of the District Court. Appellant's "Motion to Move Back in the Mobile home located at Lot "35", J&J Trailer Park of Felton, Del.," and a Motion to Expand the Record are denied.